FILED
8/20/2020 2:58 PM
Della Sellers
District Clerk
Liberty County, TX
Jerri Willis

CAUSE NUMBER CV2016187

| | | |
|---|---|---|
| PATRICIA DESPAIN | § | IN THE DISTRICT COURT OF |
| VS. | § | LIBERTY COUNTY, TEXAS |
| LIBERTY COUNTY, TEXAS | § | 253rd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PATRICIA DESPAIN, hereinafter called Plaintiff, complaining of and about LIBERTY COUNTY, TEXAS hereinafter called Defendant, and for cause of action shows unto the Court the following:

### Parties and Service

1. Plaintiff PATRICIA DESPAIN, brings this action and resides at 385 Georgetown, Beaumont, TX 77707.

2. Defendant, LIBERTY COUNTY, TEXAS, was Plaintiff's employer, and may be served by serving the County Judge, Honorable Jay H. Knight, by personal service at 1923 Sam Houston, Room 201, Liberty, Texas 77575.

### Jurisdiction

3. The action arises under various discrimination statutes, including Texas state anti-discrimination statutes

### Nature of Action

4. This is an action under to correct unlawful employment practices, discrimination, and retaliation on the basis of sex.

## Conditions Precedent

5. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Texas Workforce Commission within 180 days of the acts complained of herein, the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein, and Plaintiff's Petition is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## Facts

6. Plaintiff DESPAIN was hired by LIBERTY COUNTY as a deputy in the Precinct 6 Constable John Joslin's office in May of 2013. During her employment, DESPAIN was subjected to constant and consistent sexual harassment by John Joslin. Specifically, in February and July of 2018, Joslin attempted to kiss her, and unlawfully touched her, as well as subjecting her to verbal abuse and inappropriate, sexual suggestions and comments. These unlawful acts took place at the office, in the field, at official functions, and conferences. John Joslin often threatened her and those in the office, stating that he would "destroy" anyone that caused problems or crossed him. DESPAIN complained to her immediate supervisor, Larry Allen. When she complained, she was discharged in retaliation. The "cause" given was pretextual, and not based upon her actual conduct.

## Sex Discrimination

7. Defendant LIBERTY COUNTY engaged in unlawful employment practices involving Plaintiff because she is a female as described, but not limited to, the factual

allegations contained in paragraph 6, which are incorporated herein by reference as if set out fully.

8.   Defendant LIBERTY COUNTY discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of state and federal anti-discrimination statutes as described, but not limited to, the factual allegations contained in paragraph 7, which are incorporated herein by reference as if set out fully. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9.   Plaintiff alleges that Defendant LIBERTY COUNTY discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the protected rights of Plaintiff.

## Unlawful Discharge

10.   LIBERTY COUNTY retaliated against Plaintiff and fired her, the reasons given for her termination were a pretext, and such unlawful discharge and retaliation caused Plaintiff to suffer damages for which she sues.

## Damages

11.   Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a.   Loss of her career;

    b.   All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

d. All reasonable and necessary costs incurred in pursuit of this suit;

e. Emotional pain;

f. Expert fees as the Court deems appropriate;

g. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

h. Mental anguish in the past;

i. Mental anguish in the future; and

j. Loss of benefits.

## Exemplary Damages

12. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## Jury Demand

13. Plaintiff respectfully demands a trial by jury.

## Request for Disclosure

Under the authority of Texas Rule of Civil Procedure 194, Plaintiff requests the Defendant disclose, within 50 days of the service of this Petition and request, the information or material described in Rule 194.2(a)-(k).

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, PATRICIA DESPAIN, respectfully prays that Defendant, LIBERTY COUNTY, be cited to appear and answer herein and that, upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

ROEBUCK THOMAS & ADAMS
2372 Calder
Beaumont, TX 77702
Phone 409/892-8227
Fax 409/892-8318

by: /s/ Brett S. Thomas
Brett S. Thomas
State Bar No. 19844150
ATTORNEY FOR PLAINTIFF
Patricia DeSpain